RECEIVED

2019 DEC -9 P 12: 50

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

FRED NEKOUEE, individually,                :

      Plaintiff,                :

                     :

v.                :      Case No. 3:19-cv-1032

                     :

ATTALLA HOSPITALITY PARTNERS,                :
LLC, an Alabama Limited Liability Company,:

                     :

      Defendant.                :

_____/

## COMPLAINT
### (Injunctive Relief Demanded)

Plaintiff, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, ATTALLA HOSPITALITY PARTNERS, LLC, an Alabama Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff, Fred Nekouee, is an individual who resides in Tampa, Florida, in the County of Hillsborough.

2.      Defendant's property, Arby's Restaurant #7491 Restaurant #7491 restaurant, is located at 2411 Gateway Drive, Opelika, Alabama, 36801, in the County of Lee (sometimes referred to as the "subject property").

3.      Venue is properly located in the Middle District of Alabama because venue lies in the judicial district of the situs of the subject property. The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility. Mr. Nekouee travels to Montgomery, Alabama every three to six months to attend heavy equipment auctions and/or to visit heavy equipment dealerships, where he compares prices to equipment available in other areas, and to evaluate whether to buy or sell heavy equipment.

6.      Fred Nekouee has visited the subject property and has had dined at the restaurant on several occasions, including June 7, 2016, January 4, 2018, November 11, 2018, which visits form the basis of this lawsuit. The Plaintiff plans to return to the property to avail himself of the goods and services offered to the public at the property since he likes the food at Arby's Restaurant #7491 Restaurant #7491, and it is conveniently located close to and/or on the way to/from the heavy equipment auctions and dealerships.  He recently visited the subject property on October 24, 2019.  He has definite plans to return to this area on March 17-21, 2020 to attend a heavy equipment auction, and on various future dates to be determined, and would like to eat at the Defendant's Arby's Restaurant #7491 Restaurant #7491 if that property is made accessible to him.

7.      The Plaintiff has encountered architectural barriers at the subject property. The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, and impaired his ability to access the property due to excessively steep slopes in parking spaces, access aisles and ramps for the disabled, high counters, and inaccessible restrooms.

8.     The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat. The Plaintiff cannot move up or down steep inclines in his wheelchair because he lacks the strength and also risks tipping his wheelchair forwards or backwards. Excessively steep cross slopes can cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

9.     On his visits to the subject property, the Plaintiff encountered excessively steep running slopes in its parking lot, access aisles and walking surfaces. The Plaintiff additionally encountered and observed barriers to access in the men's restroom; and so, he also tried to use the women's restroom, in which women's restroom he also encountered and observed similar barriers to access. He also observed and encountered various other barriers to access.

10.     The Plaintiff is deterred from visiting the subject property even though he enjoys its food because of the difficulties he will experience there until the property is made accessible to him.

11.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the Arby's Restaurant #7491 Restaurant #7491 restaurant, and is located at 2411 Gateway Drive, Opelika, Alabama, 36801.

12.     Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraphs 18 through 52 of this

Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

13.     Fred Nekouee desires to visit the subject property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

14.     The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

15.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16.     The subject property herein was originally constructed subsequent to January 26, 1993.

17.     Preliminary inspections of the Arby's Restaurant #7491 Restaurant #7491 located at 2411 Gateway Drive, Opelika, Alabama, 26801, has shown that violations exist. The violations that Fred Nekouee personally encountered and observed include, but are not limited to:

18.     In the parking lot, the access aisle for the regular accessible parking space is mistakenly marked as the accessible parking space and is not marked or hatched so as to discourage parking there in violation of Federal Law 2010 ADAAG § 502.3.3.

19.     In the parking lot, the van accessible parking space is not even and its middle section has excessive running slope, as high as 1:34.5 (2.9%), and is steeper than the maximum

allowed slope of 1:48 (2%), which makes it difficult for an individual in a wheelchair to stay stable while getting in and out of a vehicle in violation of Federal Law 2010 ADAAG § 502.4.

20.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

21.     In the parking lot, the access aisle for disabled patrons (the access aisle for the regular accessible parking space which is improperly marked) is not even and the middle section has excessive running slope, as high as 1:33.3 (3%), which is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4. This makes it difficult for an individual in a wheelchair to stay stable and avoid rolling down while getting in and out of the vehicle.

22.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

23.     In the parking lot, the running slope of the access aisle serving the van accessible parking space is 1:27.8 (3.6%), which exceeds the maximum allowed slope of 1:48 (2%) in violation of Federal Law 2010 ADAAG § 502.4. This makes it difficult for an individual in a wheelchair to stay stable on the access aisle while getting in and out of the vehicle.

24.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

25.     The running slope of the accessibility ramp serving the hatched access aisle is 1:9.5 (10.5%) which is greater than the 1:12 (8%) permitted, in violation of Federal Law 2010 ADAAG § 405.2. This makes it difficult for an individual in a wheelchair to climb the ramp and makes the wheelchair unstable when descending it.

26.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

27.     The slope of the accessibility curb ramp side or flare is 1:7 (14.2 %) which is dangerously greater than the 1:10 (10%) permitted, in violation of Federal Law 2010 ADAAG § 406.3. The excessive flare slope does not accommodate maneuvering for an individual in a wheelchair while climbing up or may cause hazardous overturn while going down the ramp.

28.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

29.     The counter throughout the restaurant is 37 inches, and exceeds the maximum allowed counter height of 36 inches, which makes it difficult for an individual in a wheelchair to access objects in violation of Federal Law 2010 ADAAG § 904.4.1.

30.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

31.     The napkin holder in the restaurant is at 51 inches, and higher than the maximum allowed height of 48 inches, which makes it difficult for an individual in a wheelchair to access in violation of Federal Law 2010 ADAAG § 308.2.2.

32.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

33.     The water dispenser handle in the restaurant is at 52 inches, and higher than the maximum allowed height of 48 inches, which makes it difficult for an individual in a wheelchair to access in violation of Federal Law 2010 ADAAG § 308.2.2.

34.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

35.     The container holding the plastic forks in the restaurant is at 50 inches and higher than the maximum allowed height of 44 inches where the reach depth exceeds 20 inches (510 mm), which makes it difficult for an individual in a wheelchair to access in violation of Federal Law 2010 ADAAG § 308.2.2.

36.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

37.     The force needed to open the Arby's Restaurant #7491 Restaurant #7491 men's restroom door is 10 pounds, which exceeds the maximum allowed force of 5 pounds (22.2 N), which makes it difficult for an individual in a wheelchair to open the door in violation of Federal Law 2010 ADAAG § 404.2.9.

38.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

39.     The rear wall grab bar in Arby's Restaurant #7491 Restaurant #7491 men's restroom only extends 17.5 inches and 18.5 inches from the centerline of the water closet, and does not extend the minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side, which makes it difficult for an individual in a wheelchair to support himself using the grab bar to sit on toilet in violation of Federal Law 2010 ADAAG § 604.5.2.

40.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

41.     The side wall grab bar length in Arby's Restaurant #7491 Restaurant #7491 men's restroom is 36 inches and less than the minimum of 42 inches (1065 mm) long which makes it very difficult for an individual in a wheelchair to support himself using the grab bar to sit on the toilet in violation of Federal Law 2010 ADAAG § 604.5.1.

42.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

43.     The side wall grab bar in Arby's Restaurant #7491 Restaurant #7491 men's restroom only extends 51 inches from the rear wall, and does not extend the minimum of 54 inches (1370 mm) minimum from the rear wall, which makes it very difficult for an individual in a wheelchair to support himself using the grab bar to sit on the toilet in violation of Federal Law 2010 ADAAG § 604.5.1.

44.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

45.     The side wall grab bar in Arby's Restaurant #7491 Restaurant #7491 men's restroom is located at 14 inches from the rear wall, farther than the maximum allowed distance of 12 inches (305 mm) from the rear wall, which makes it difficult for an individual in a wheelchair to support himself using the grab bar to sit on the toilet in violation of Federal Law 2010 ADAAG § 604.5.1.

46.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

47.     The lavatory pipes under the sink in Arby's Restaurant #7491 Restaurant #7491 men's restroom are not insulated, which can cause skin burn and injury for an individual in a wheelchair when using the lavatory in violation of Federal Law 2010 ADAAG §§ 606.3 and 606.5.

48.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

49.     The urinal clear floor space width in Arby's Restaurant #7491 Restaurant #7491 men's restroom is 33 inches, and less than the minimum width of 36 inches to the alcove urinal

(confined on all or part of three sides where the depth exceeds 24 inches), which makes it difficult for an individual in a wheelchair to fit or maneuver to the urinal, in violation of Federal Law 2010 ADAAG §§ 305.7.1 and 305.7.2.

50.    The removal of the barriers to access in the foregoing paragraph is readily achievable.

51.    The space between the grab bar and toilet paper dispenser above in the Arby's Restaurant #7491 Restaurant #7491 men's restroom is 3 inches, and less than the minimum of 12 inches (305 mm), which makes it difficult for an individual in a wheelchair to use the grab bar properly, in violation of Federal Law 2010 ADAAG § 609.3.

52.    The removal of the barriers to access in the foregoing paragraph is readily achievable.

53.    The accessible toilet compartment door pull in the Arby's Restaurant #7491 Restaurant #7491 men's restroom is not provided on both sides of the door near the latch, which is in violation of Federal Law 2010 ADAAG Section § 604.8.1.2, which makes it difficult for an individual in a wheelchair to open and close the compartment door.

54.    The removal of the barriers to access in the foregoing paragraph is readily achievable.

55.    In the Arby's Restaurant #7491 Restaurant #7491 men's restroom, the accessible compartment door handle requires tight grasping or pinching and cannot be opened with a closed fist or loose grip of a disabled individual in a wheelchair in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

56.    The removal of the barriers to access in the foregoing paragraph is readily achievable.

57.     The clear floor space of 30 by 48 inches for the paper towel dispenser use in the Arby's Restaurant #7491 Restaurant #7491 men's restroom is blocked by the trash can which restricts a forward approach by a disabled person using a wheelchair and use of dispenser, in violation of Federal Law 2010 ADAAG §§ 305.7 and 606.2.

58.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

59.     In the Arby's Restaurant #7491 Restaurant #7491 men's restroom, the door lock requires tight grasping, pinching or twisting of the wrist, and cannot be opened with a closed fist or loose grip of a disabled individual in a wheelchair in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

60.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

61.     The Arby's Restaurant #7491 Restaurant #7491 men's restroom door pull side maneuvering clearance in a front approach perpendicular to the doorway is blocked by the trash can, and is only 40 inches and less than the minimum allowed clearance of 60 inches, which makes it difficult for an individual in a wheelchair to open the door in violation of Federal Law 2010 ADAAG Sections § 404.2.4.

62.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

63.     The force needed to open the Arby's Restaurant #7491 Restaurant #7491 women's restroom door is 7 pounds, which exceeds the maximum allowed force of 5 pounds (22.2 N), which makes it difficult for an individual in a wheelchair to open the door in violation of Federal Law 2010 ADAAG § 404.2.9.

64.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

65.     The time for the Arby's Restaurant #7491 Restaurant #7491 women's restroom door to close from an open position of 90 to 12 degrees from the latch is three seconds, which is less than the minimum required time of five seconds, and makes it difficult for a disabled individual in a wheelchair to keep the door open while crossing the doorway in violation of Federal Law 2010 ADAAG § 404.2.8.1.

66.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

67.     The rear wall grab bar in the Arby's Restaurant #7491 Restaurant #7491 women's restroom only extends 14.5 inches and 21.5 inches from the centerline of the water closet and does not extend the minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side, which makes it difficult for an individual in a wheelchair to support herself using the grab bar to sit on toilet in violation of Federal Law 2010 ADAAG §§ 604.5.2.

68.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

69.     The side wall grab bar length in the Arby's Restaurant #7491 Restaurant #7491 women's restroom is 36 inches, and less than the minimum of 42 inches (1065 mm) long, which makes it difficult for an individual in a wheelchair to support herself using the grab bar to sit on toilet in violation of Federal Law 2010 ADAAG § 604.5.1.

70.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

71.    The side wall grab bar in Arby's Restaurant #7491 Restaurant #7491 women's restroom only extends 49 inches from the rear wall, and does not extend the minimum of 54 inches (1370 mm) minimum from the rear wall, which makes it difficult for an individual in a wheelchair to support herself using the grab bar to sit on toilet in violation of Federal Law 2010 ADAAG § 604.5.1.

72.    The removal of the barriers to access in the foregoing paragraph is readily achievable.

73.    The space between the grab bar and toilet paper dispenser above in Arby's Restaurant #7491 Restaurant #7491 women's restroom is 9 inches, and less than the minimum allowed distance of 12 inches (305 mm), which makes it difficult for an individual in a wheelchair to use the full length of the grab bar, in violation of Federal Law 2010 ADAAG § 609.3.

74.    The removal of the barriers to access in the foregoing paragraph is readily achievable.

75.    In the women's restroom, the accessible compartment door handle requires tight grasping or pinching and cannot be opened with a closed fist or loose grip of a disabled individual in a wheelchair in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

76.    The removal of the barriers to access in the foregoing paragraph is readily achievable.

77.    The accessible toilet compartment door pull in the Arby's Restaurant #7491 Restaurant #7491 women's restroom is not provided on both sides of the door near the latch which is in violation of Federal Law 2010 ADAAG Section § 604.8.1.2, which makes it difficult for an individual in a wheelchair to open and close the compartment door.

78.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

79.     The clear floor space of 30 by 48 inches for paper towel dispenser use in the Arby's Restaurant #7491 Restaurant #7491 women's restroom is blocked by the trash can that restricts a forward approach by a disabled person using a wheelchair and use of dispenser, in violation of Federal Law 2010 ADAAG §§ 305.7 and 606.2.

80.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

81.     In the Arby's Restaurant #7491 Restaurant #7491 women's restroom, the door lock requires tight grasping, pinching or twisting of the wrist, and cannot be opened with a closed fist or loose grip of a disabled individual in a wheelchair in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

82.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

83.     The Arby's Restaurant #7491 Restaurant #7491 women's restroom door pull side maneuvering clearance in a front approach perpendicular to the doorway is blocked by the trash can and is only 38 inches and less than the minimum allowed clearance of 60 inches, which makes it difficult for an individual in a wheelchair to open the door in violation of Federal Law 2010 ADAAG Sections § 404.2.4.

84.     The removal of the barriers to access in the foregoing paragraph is readily achievable.

85.     The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff as set forth herein, in violation of 28 CFR §36.211.

86.     All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

87.     The discriminatory violations described in paragraphs 18 through 52 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

88.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

89.     The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

90.     In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

91.     Defendant has discriminated against the individual by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford

all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

92.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

93.    Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

94.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

95.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and

gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

96.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter subject property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE**, Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: _/2 / 6 / /9_

Patrick Lyle Doman, Esq. (#ASB-9530-Q41G)
285 South Foster Street
Dothan, AL 36301
(334) 200-6032
patrick.lyle.doman@gmail.com

Brandon A. Rotbart, Esq., pro hac vice pending
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 – Facsimile
rotbart@rotbartlaw.com

Counsel for Plaintiff Fred Nekouee